ROGER A. DREYER, ESQ. / SBN: 095462
NATALIE M. DREYER, ESQ. / SBN: 327282
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone:  (916) 379-3500
Facsimile:  (916) 379-3599

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL R. PEREZ, individually and as the Successor in Interest to the ESTATE OF A.P., BRITTANY L. PEREZ, N.R.P., a minor by and through his Guardian ad Litem, BRITTANY L. PEREZ, C.A.P., a minor by and through his Guardian ad Litem, BRITTANY L. PEREZ, and B.M.P, a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ,<br><br>         Plaintiffs,<br><br>         v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiffs RAUL R. PEREZ, individually and as the Successor in Interest to the ESTATE OF A.P., BRITTANY L. PEREZ, N.R.P., a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, C.A.P., a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, and B.M.P, a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, complain against Defendant UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and DOES 1 through 50 and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. The true names and capacities -- whether individual, corporate, associate or otherwise -- of Defendants DOES 1 through 50, are unknown to Plaintiff, who therefore sues such DOES by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when the same have been ascertained. Each of the Defendants, and DOES 1 through 50, are legally responsible in some manner -- negligently, in warranty, strictly, or otherwise -- for the incident that is the subject of this Complaint.

**JURISDICTION AND VENUE**

2. Plaintiffs are now, and at all times herein mentioned were, citizens of and residents within the County of Stanislaus, State of California. The amount in controversy is in excess of the minimal jurisdictional limits of this Court. Defendants are the individuals, public entities, and/or businesses of uncertain form. All defendants were agents, employees, employers, and/or joint venturers with each other in performing the tree maintenance work discussed herein.

3. Plaintiffs filed a written Standard Form 95, Claim for Damage, Injury, or Death with the UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE, on December 3, 2021. On March 31, 2022, Defendant UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE (USDA) sent Plaintiffs' attorneys a letter informing them that they needed additional information in order to review the claim. On April 5, 2022, Plaintiffs' attorney sent an email to Defendant USDA informing them that Plaintiffs were in the process of compiling additional information for Defendant to review. On April 18, 2022, Plaintiffs' counsel submitted all additional information requested by Defendant USDA. This information was provided electronically and confirmed as received on the same day. According to the government, April 18, 2022 is the date that the claim was deemed filed under 28 U.S.C.A. § 2675(a) and the claim was deemed denied on October 18, 2022. Plaintiffs are filing this lawsuit prior to the expiration of the six month period of time following the deemed denial, which would be April 18, 2023. Plaintiffs have complied with all applicable federal procedures. Therefore, this claim has been properly presented to Defendant under 28 U.S.C.A. § 2675(a).

/ / /

4. This Court has exclusive jurisdiction under 28 U.S.C. Section 1346(b). Defendant is the United States and this action is for money damages accruing on and after January 1, 1945 for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. In this case, the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

5. Venue is appropriate pursuant to 28 U.S.C. Section 1391, in that a substantial part of the events relating to personal injury damages occurred in the Eastern District of California. Plaintiffs reside in the Eastern District of California. The subject event occurred in the Eastern District of California. The death of A.P. occurred in the Eastern District of California. The medical care for Plaintiff N.R.P. occurred in the Eastern District of California and future medical care is likely to be in the Eastern District of California. All non-economic damages were and will continue to be sustained in the Eastern District of California.

## FIRST CAUSE OF ACTION

## (WRONGFUL DEATH)

Plaintiffs RAUL R. PEREZ, individually and as the Successor in Interest to the ESTATE OF A.P. and BRITTANY L. PEREZ complain against Defendant UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and alleges as follows:

6. Plaintiffs incorporate herein by reference each and every allegation contained in paragraphs 1-5 as though fully set forth.

7. Plaintiffs are informed and believe and upon said information and belief allege that at all times herein mentioned, Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE, was the owner, and/or in possession of, and/or had custody and control over Schoolhouse Campground in the Tahoe National Forest near Dobbins, California and all trees therein, including the subject tree. This Campground is located near Bullards Bar Reservoir, which is located on the North Yuba River at an elevation of 2000 feet. Bullards Bar Reservoir is approximately 21 miles north of Nevada City, California.

///

8. Plaintiffs are informed and believe and upon said information and belief allege that at all times herein mentioned, Defendants, DOES, and each of them, were agents and/or employees of Defendant UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE, and DOES, and each of them; that at all times herein mentioned Defendants DOES, and each of them, were acting within the course and scope of their agency and/or employment relationship with Defendants UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE, and DOES, and each of them.

9. Schoolhouse Campground is located in the Tahoe National Forest in California. It is a large campground with at least 56 different campsites that can be reserved for a fee through Recreation.gov, which is a website run by Defendant. The Campground is owned and managed exclusively by Defendant UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE.

10. The specific campsite, which was the location of the subject incident and rented by the Plaintiffs, was Campsite 44D, which is located inside Schoolhouse Campground. Plaintiffs had originally secured Campsites 45D, 46D, and 47D via the online Recreation.gov portal. However, when they arrived at Schoolhouse Campground, they were moved by a representative of Defendant, Defendant DOE 1, to Campsite 44D. This location is a double capacity campsite that can hold up to 12 individuals and fit a large tent, measuring over 9 feet by 12 feet.

11. On June 3, 2020, at approximately 5:36 a.m., decedent A.P., a minor, was sleeping inside a large tent with Plaintiffs RAUL R. PEREZ, BRITTANY L. PEREZ, N.R.P., C.A.P., and B.M.P at Campsite 44D in Schoolhouse Campground. A nearby tree owned by Defendant UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE broke approximately 12 feet up from the base of its trunk. The tree fell directly on top of the tent where Decedent A.P. and the Plaintiffs were sleeping. Decedent A.P. suffered crush injuries to his head and chest and died as a result of his injuries. His brother, Plaintiff N.R.P., was sleeping next to him and was struck by the same subject tree, suffering injuries. Plaintiffs RAUL R. PEREZ, BRITTANY L. PEREZ, N.R.P., C.A.P., and B.M.P suffered severe emotional distress by witnessing the death of decedent A.P. and the injuries to Plaintiff N.R.P.

/ / /

-4-
Complaint

12. The subject incident was caused by the negligence of Federal Government employees under Federal Tort Claims Act (FTCA) (28 U.S.C. §§ 1346(b) and U.S.C. §2674).

13. Plaintiffs allege that Defendant and its employees and officials knew or should have known of the danger posed by the tree, but negligently failed to abate that danger. Defendant failed to properly to maintain, inspect and supervise the area and the subject tree. Defendant further subjected Plaintiffs to harm by placing them into a zone of known danger when Defendant moved them from the originally reserved campsites to 44D, where the subject tree was located. No representative of Defendant informed Plaintiffs of the known danger presented by this improperly maintained tree and failed to abate the danger posed by the subject tree.

14. Plaintiffs allege that Defendant and its employees and officials knew or should have known of the danger posed by the tree and failed to warn members of the public, specifically the campers renting spots at the campground, regarding its dangers.

15. Said dangerous condition of the subject tree was evidenced by the following non-inclusive list: (1) failure to properly maintain the subject tree in compliance with its written policies; (2) failure to perform its mandatory duty on the part of the officials responsible for managing the Schoolhouse Campground and the surrounding trees; (3) failure to follow the technical criteria set forth in the its official policies after voluntarily evaluating the danger of the trees in the campground; (4) failure to properly care for the subject tree, including failure to adequately water and/or chemically treat the subject tree; (5) failure to remove the tree, in compliance with their written policies and procedures; (6) failure to maintain appropriate advisory signs, warnings, flags, barricades, and/or other safety devices in the vicinity of the incident location; (7) inadequate construction and/or design of the Campsite where the tree fell, particularly as it relates to the proximity of the Campsite with the subject tree; (8) failure to inspect the subject tree and discover its deteriorated condition; (9) failure to proactively evaluate the subject tree to discover obvious decay which existed and would have taken years to develop; and (10) failure to proactively manage the risk associated with the subject tree in the subject campground.

///

16. The dangerous conditions of public property mentioned herein above were negligently created by Defendant UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE DOES 1 through 25.

17. Alternatively, Defendants UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and DOES 1 through 25 had actual and/or constructive notice of the dangerous conditions for an adequate time before the subject incident in order to take appropriate precautionary and/or ameliorative measures. Defendants UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and DOES 1 through 25 acted unreasonably in this regard.

18. Defendant UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE has written policies regarding thinning of trees near campgrounds and the removal of hazardous trees. Hazardous trees are assessed by an arborist and either slated for removal or proactive maintenance. However, Defendant UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE failed to properly assess and remove the subject tree, which was extremely hazardous due to its deteriorated condition and located near a Campsite.

19. Defendants negligently entrusted, managed, maintained, drove, operated, repaired, manufactured and designed the Campsite by failing to remove a hazardous tree which resulted in the injuries and damages to Plaintiffs.

20. As a direct result of Defendants' negligence, and the death of decedent A.P., Plaintiffs RAUL R. PEREZ, individually and as the Successor in Interest to the ESTATE OF A.P. and BRITTANY L. PEREZ have sustained economic damages consisting of (1) the value of lost financial and other support from the decedent, (2) the value of gifts or benefits that the decedent would have provided, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that the decedent would have provided.

21. As a direct result of Defendants' negligence, and the death of decedent A.P., Plaintiffs RAUL R. PEREZ, individually and as the Successor in Interest to the ESTATE OF A.P. and BRITTANY L. PEREZ have sustained noneconomic damages consisting of loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

///

Plaintiffs RAUL R. PEREZ, individually and as the Successor in Interest to the ESTATE OF A.P. and BRITTANY L. PEREZ pray for judgment against Defendants UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and DOES 1 through 50, and each of them, for:

a. Noneconomic damages in excess of the minimum jurisdictional requirements of this Court;

b. All funeral, burial and other expenses according to proof;

c. Interest to the extent allowed by law;

d. All loss of the decedent's care and support, according to proof;

e. All costs of suit; and,

f. Such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (Personal Injury: N.R.P., a minor)

As a separate and second cause of action, Plaintiff N.R.P., a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, complains against all Defendants, and alleges as follows:

22. Plaintiffs incorporate herein by reference each and every allegation contained in the first cause of action as though fully set forth.

23. As a result of the foregoing dangerous conditions of public property, Plaintiff N.R.P. suffered serious injuries to his right leg. Specifically, Plaintiff N.R.P. suffered fractures in his left tibia and fibula. The fractures to his leg resulted in an emergency surgery to repair the fractures and a subsequent surgery to further correct the tibia fracture to his right leg. Additionally, Plaintiff N.R.P. suffered other attendant injuries.

Plaintiff N.R.P., a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, prays for judgment against Defendants UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and DOES 1 through 50, and each of them, for:

a. Non-economic damages in excess of the jurisdictional limit of this Court;

b. All medical and incidental expenses according to proof;

c. All loss of earnings according to proof;

d. Prejudgment interest to the extent permitted by law;

-7-
Complaint

e. All costs of suit; and

f. Such other and further relief as this Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (Negligence - Contemporaneous Observation of Injury and Death)

As a separate third cause of action, Plaintiffs RAUL R. PEREZ, BRITTANY L. PEREZ, N.R.P., a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, C.A.P., a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, and B.M.P, a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ complain against Defendants and alleges as follows:

24. Plaintiffs incorporate herein by reference each and every allegation contained in the in paragraphs 1-24 as though fully set forth.

25. That decedent A.P. was the minor son of Plaintiffs RAUL R. PEREZ and BRITTANY L. PEREZ, and the brother of N.R.P., C.A.P., and B.M.P. Each of those individuals observed decedent A.P. suffer from the injuries and subsequently die as described herein at the time of the subject incident. As a consequence of the aforementioned conduct of Defendants, each of them sustained emotional distress from such observation of the injuries sustained by decedent A.P. and his subsequent death, caused by the aforementioned conduct of the Defendants.

Plaintiffs RAUL R. PEREZ, BRITTANY L. PEREZ, N.R.P., a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, C.A.P., a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, and B.M.P, a minor by and through her Guardian ad Litem, BRITTANY L. PEREZ, prays for judgment against Defendants UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and DOES 1 through 50, and each of them, for:

a. General damages in excess of the jurisdictional limits of this Court;

b. Prejudgment interest to the extent permitted by law;

c. All costs of suit; and

d. Such other and further relief as this Court may deem just and proper.

/ / /

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**(Survivor's Action: A.P., a minor)**

As a separate fourth cause of action, Plaintiff RAUL R. PEREZ, individually and as the Successor in Interest to the ESTATE OF A.P., complains against Defendants UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and DOES 1 through 50, and allege:

26. Plaintiffs incorporate herein by reference each and every allegation contained in the first three causes of action as though fully set forth.

27. Plaintiff RAUL R. PEREZ, individually and as the Successor in Interest to the ESTATE OF A.P., for purposes of bringing an action under CCP section 377.30, *et. seq.*, and has complied with CCP section 377.32.

28. Prior to his death, decedent A.P. experienced pain, suffering, and disfigurement in an amount to be determined by the trier of fact.

29. Prior to his death, decedent A.P. sustained damage to his personal property. The exact amount of such damage is unknown to Plaintiffs at this time.

Plaintiffs RAUL R. PEREZ, individually and as the Successor in Interest to the ESTATE OF A.P., prays for judgment against Defendants UNITED STATES DEPARTMENT OF AGRICULTURE: FOREST SERVICE and DOES 1 through 50, and each of them, for:

a. All past medical expenses incurred by the decedent, according to proof;

b. All pain, suffering, and disfigurement (C.C.A.P. § 377.34), according to proof;

c. All past personal property damage incurred by the decedent, according to proof;

d. All prejudgment interest;

e. Costs of suit incurred herein; and,

f. Such other and further relief as the Court may deem just and proper.

DATED: April 17, 2023        **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By:_____
ROGER A. DREYER